**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff, Individually and on behalf of all others similarly situated*

| | |
|---|---|
| Mauro Castillo, on behalf of himself and all other persons similarly situated,<br><br>*Plaintiff,*<br><br>- vs. -<br><br>G8X LLC d/b/a Greek Xpress, and Dimitrios Soursos a/k/a Jimmy Soursos,<br><br>*Defendants.* | **DOCKET NO. 1:25-cv-04406**<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION** |

Plaintiff Mauro Castillo (hereinafter referred to as "Plaintiff" or "Castillo"), by and through his undersigned attorneys, for his complaint against defendants G8X LLC d/b/a Greek Xpress, and Dimitrios Soursos a/k/a Jimmy Soursos (hereinafter collectively referred to as "Defendants"), alleges as follows, on behalf of himself and all other persons similarly situated:

### NATURE OF THE ACTION

1.   Plaintiff Mauro Castillo, on behalf of himself and all other persons similarly situated, current and former employees of

defendants G8X LLC d/b/a Greek Xpress, and Dimitrios Soursos a/k/a Jimmy Soursos, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) unpaid wages for overtime work for which Plaintiff did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay, as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for the Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Mauro Castillo is an adult individual residing in Brooklyn, New York.

4.    Mr. Castillo consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.    Defendant G8X LLC d/b/a Greek Xpress is a domestic limited liability company organized under the laws of the State of New York

(hereinafter referred to as "defendant Greek Xpress") with a registered business address at 7179 Douglaston Parkway, Douglaston, New York 11362.

6.    Defendant Greek Xpress owns and operates a Greek restaurant located at 264 W. 40th Street, New York, New York 10018, as well as several other Greek restaurants doing business under the name Greek Xpress in Long Island and New York City.

7.    At all relevant times, defendant Greek Xpress has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.    Upon information and belief, at all relevant times, defendant Greek Xpress has had gross revenues in excess of $500,000.00.

9.    Upon information and belief, at all relevant times herein, defendant Greek Xpress has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

10.    At all relevant times, defendant's Greek Xpress locations in Long Island and New York City were/are a single integrated enterprise under the FLSA because they each operated a Greek restaurant under the name Greek Xpress, and are owned and managed by the same individual, defendant Dimitrios Soursos a/k/a Jimmy Soursos.

11. Defendant Dimitrios Soursos a/k/a Jimmy Soursos (hereinafter referred to as "defendant Soursos") is an adult individual residing in New York State.

12. At all times relevant herein, defendant Soursos is/was an owner and principal of Greek Xpress, and has the power to hire and fire employees, set wages and schedules, and maintain records, including those of Plaintiff.

13. At all times relevant herein, defendant Soursos is/was involved in the day-to-day operations of the Greek Xpress restaurant located at 264 W. 40th Street, New York, New York, where Plaintiff was employed, as well as of the other Greek Xpress locations around Long Island and New York City, and played an active role in managing the business, including managing and paying Plaintiff during his employment.

14. At all times relevant herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

### JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants' business where Plaintiff worked is located in this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

17.    Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed at the Defendants' Greek Xpress restaurants in the United States at any time since May 27, 2022, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and spread-of-hours premium for shifts worked in excess of ten hours in length (the "Collective Action Members").

18.    The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees and were denied premium overtime pay for hours worked beyond forty hours in a week and spread-of-hours pay for shifts worked in excess of ten hours in length.

19.    The Collective Action Members are further similarly situated to Plaintiff in that Defendants had a policy and practice of knowingly and willfully refusing to pay their employees overtime compensation or spread of hours pay premium.

20. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

21. Defendants suffered and permitted Plaintiff, and the Collective Action Members, to regularly work more than forty hours per week without appropriate overtime compensation.

22. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

23. Defendants had knowledge that Plaintiff and the Collective Action Members regularly performed work requiring overtime pay.

24. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Action Members.

25. The exact number of such individuals is presently unknown but is known by Defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings his applicable state law claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

27. All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members".

28.   The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

**Numerosity**

29.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of Defendants, upon information and belief, there are over forty (40) members in the class.

**Commonality**

30.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members, including:

   a.   Whether Defendants employed Plaintiff and the Class Members within the meaning of applicable state law;

   b.   Whether Plaintiff and Class Members are entitled to be paid overtime under the applicable state labor law;

c.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the New York Labor Law or similarly applicable labor laws of other states;

d.  Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

f.  Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage and/or overtime to Plaintiffs and Rule 23 Class on each payday; and

g.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

**Typicality**

31.  Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the

8

same corporate practices of Defendants, as alleged herein, of failing to pay applicable overtime premium, and spread-of-hours compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

**Adequacy**

32. Plaintiff can fairly and adequately protect the interests of the Class Members and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class actions and wage and hour employment litigation cases.

**Superiority**

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the

losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34. Upon information and belief, Defendants and other employers throughout the nation violate applicable state labor laws. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future

employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint with a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## FACTS

35. At all relevant times herein, Defendants owned and operated Greek Xpress, a Greek restaurant located at 264 W. 40th Street, New York, New York 10018.

36. Plaintiff Castillo was employed by Defendants at Greek Xpress restaurant from approximately March 2023 until April 29, 2025.

37. Plaintiff's job duties during his employment by Defendants included food preparation, cooking, and food delivery.

38. Plaintiff's work throughout his employment by Defendants was performed in the normal course of the Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

39. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

40. During his employment by Defendants, Plaintiff worked a regular schedule of six days per week as follows: Monday through Friday, from 8 a.m. until 9 p.m.; and Saturday from 10 a.m. until 9 p.m.; with Sunday off.

41.    Consequently, Plaintiff was working approximately 76 hours per week during his employment by Defendants at Greek Xpress restaurant.

42.    During his employment by Defendants, Plaintiff was paid $1,200-1,300 per week by company check.

43.    Plaintiff received those amounts each week based on an hourly rate of $18 per hour.

44.    Plaintiff received no paystubs or wage statements of any sort with his pay.

45.    Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

46.    Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis because Defendants set his schedule and were aware that he was working significantly more than 40 hours per week.

47.    Defendants also failed to pay Plaintiff an additional hour of compensation at applicable minimum wage for each shift he worked which exceeded ten hours length from start to finish (the "spread-of-hours" compensation) in violation of the New York State Labor Law and supporting regulations.

48.    Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful and lacked a good faith basis because

Defendants set his schedule and were aware that he was working shifts in excess of ten hours in length during his employment.

49. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

50. Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

51. Upon information and belief, throughout Plaintiff's employment by Defendants, Defendants failed to maintain time records of Plaintiff's compensation and hours worked, in violation of the Wage Theft Prevention Act and/or provide accurate records to him.

52. Upon information and belief, throughout the Collective Action Period and Class Period - including before, during and after Plaintiff's employment by Defendants - and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the Collective Action and Class Members) in positions at the Defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include

any managerial responsibilities or the exercise of independent judgment.

53. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Members, including policies, practices, and procedures with respect to the payment of overtime premium and spread-of-hours compensation.

54. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

55. Upon information and belief, these other individuals have also worked shifts in excess of ten hours in length, yet Defendants have likewise failed to pay them the spread-of-hours compensation in violation of the New York Labor Law.

56. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

57. Upon information and belief, while Defendants employed Plaintiff, the Collective Action and Class Members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

58.   Upon information and belief, while Defendants employed Plaintiff, the Collective Action and Class Members, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

59.   As a result of Defendants' failure to provide Plaintiff with wage notices and wage statements, Plaintiff suffered financial harm from his not being informed of the lawful compensation he was entitled to receive, such as overtime and spread-of-hours compensation, for the work he performed for Defendants during his employment.

### COUNT I

### (Fair Labor Standards Act - Overtime)

60.   Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.   At all relevant times, Defendants employed Plaintiff and each of the Collective Action and Class Members within the meaning of the FLSA.

62.   At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek, including Plaintiff and the Collective Action and Class Members.

63.    As a result of the Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action and Class Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

64.    The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's and the Collective Action and Class Members work schedules and pay and were aware that they were working more than 40 hours per week.

65.    Due to the Defendants' FLSA violations, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law - Overtime)

66.    Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference, the foregoing allegations as if set forth fully and again herein.

16

67. At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

69. Defendants' failure to pay Plaintiff and the Collective Action and Class Members their overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's and each of the Collective Action and Class Members' work schedules and pay and were aware that they were working in excess of 40 hours per week.

70. Due to the Defendants' New York Labor Law violations, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

71.  Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72.  At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.  Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to pay them an additional hour's pay at the minimum wage for each of their shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

74.  Defendants' failure to pay Plaintiff and the Collective Action and Class Members the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations because Defendants set Plaintiff's and each of the Collective Action and Class Members' work schedules and were aware that they were working shifts in excess of ten hours in length.

75.  Due to Defendants' New York Labor Law violations, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants their unpaid compensation,

liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

76.    Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77.    At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78.    Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act at the time when they were hired, or at any time thereafter, causing harm to Plaintiff and each of the Collective Action and Class Members by preventing them from receiving their lawfully owed compensation including overtime premium.

79.    Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment, causing harm to Plaintiff and each of the Collective Action and Class Members by

preventing them from receiving their lawfully owed compensation including overtime premium.

80. Due to the Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants statutory damages of $250 per day during their employment, up to the maximum statutory damages of $5,000.

81. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants statutory damages of $50 per day during their employment, up to the maximum statutory damages of $5,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective and class action on behalf of the Collective Action and Class Members, with prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, and Class pursuant to Fed. R. Civ. P. 23, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing

Plaintiff and his counsel to represent the Collective and Class Action Members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to ew York Labor Law;

f.  An award of liquidated damages as a result of the Defendants' willful failure to pay the overtime and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for the Defendants' New York Labor Law violations;

h.  Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

      i.    Back pay;

      j.    Punitive damages;

      k.    An award of prejudgment and postjudgment interest;

      l.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      m.    Such other, further, and different relief as this Court deems just and proper.

Dated: May 27, 2025

                     */s/ Michael Samuel*
                     Michael Samuel (MS 7997)
                     THE SAMUEL LAW FIRM
                     1441 Broadway
                     Suite 6085
                     New York, New York 10018
                     (212) 563-9884
                     *Attorneys for Plaintiff,*
                     *Individually and on behalf of an*
                     *FLSA collective and class action*