# THE SAMUEL LAW FIRM

A T T O R N E Y S   A T   L A W

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.thesamuellawfirm.com

**MICHAEL SAMUEL**                                        ADMITTED IN
Michael@thesamuellawfirm.com                                    NY

October 30, 2025

**Via ECF**

The Hon. Barbara C. Moses
United States Magistrate Judge
United States District Court – Southern District of New York
500 Pearl Street, Courtroom 20A
New York, NY 10007

> ### Re: Mauro Castillo et al. v. G8X LLC d/b/a Greek Express and Dimitrios Soursos a/k/a Jimmy Soursos
> ### Case No. 25-cv-4406-BCM

Dear Judge Moses:

We represent plaintiff Mauro Castillo ("Plaintiff") in the above-referenced action and submit this letter to the Court with the consent of the defendants, G8X LLC d/b/a Greek Express and Dimitrios Soursos a/k/a Jimmy Soursos (collectively, "Defendants") for the Court's assessment and approval of the form of settlement agreement reached by the parties (the "Settlement Agreement"), a fully executed copy of which is attached herewith as Exhibit "A".

The Settlement Agreement fully resolves all of Plaintiff's claims in this action, and it is respectfully submitted that the Court should approve the Settlement Agreement and dismiss the claims of Plaintiff with prejudice because the settlement is a fair resolution of such claims, negotiated in an arm's length negotiation between experienced counsel, following discovery and mediation.

Background

Plaintiff alleges that he was employed as a cook, food preparer and doing deliveries, at Defendants' Manhattan, New York, Greek restaurant from March 2023 until April 29, 2025. Plaintiff commenced this action on May 27, 2025 (ECF 1), alleging, *inter alia*, unpaid minimum wage and overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and claims under the NYLL for spread-of-hours pay and failure to provide wage notices and wage statements.

The Hon. Barbara C. Moses
October 30, 2025

In the complaint, Plaintiff alleged that he regularly worked six days per week during his employment, often working shifts in excess of ten hours per day, totaling 76 hours per week, but was only paid a straight hourly rate for his work, with no overtime premium or spread-of-hours compensation paid to him.

Defendants filed their Answer on July 9, 2025 (ECF 16) denying substantially all of the allegations made in the Complaint but admitting that Plaintiff worked at the restaurant for a period of time. Defendants maintain that Greek Xpress maintained detailed pay and time records, which demonstrated that Plaintiff would not prevail at trial. Greek Xpress utilized an automated time clock, which did not round time, and Defendants assert that they paid Plaintiff for the time that he worked. In addition, Defendants assert that Plaintiff has no standing for his wage statement and wage notice claims under New York Labor Law. *See* Chen v. Lilis 200 West 57th Corp., 2023 WL 2388728, at *7 (S.D.N.Y. Mar. 7, 2023). The Settlement Agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

## Settlement Agreement

The parties engaged in document exchange, including Defendants' production of pay and time records for Plaintiff, as well as settlement negotiations and mediation conducted by Steven Bierman, Esq., an experienced mediator, on Friday, September 5, 2025. The mediation successfully resulted in an agreement in principle to comprehensively resolve Plaintiff's claims.

The settlement agreement submitted herewith (the "Agreement") documents that the parties have agreed to fully settle the claims of Plaintiff against Defendants for a total of forty-nine-thousand five-hundred dollars ($49,500.00), which amount is inclusive of legal fees and costs. These settlement funds will be paid by Defendants via lump sum payment within thirty (30) days of the Court's approval of the settlement.

Pursuant to the Agreement, Plaintiff agrees to dismiss his wage-related claims against all Defendants with prejudice and release Defendants from any liability for such claims. While the final settlement amount of Plaintiff's claims is less than his maximum possible recovery of approximately $106,000 (which amount includes all potential penalty and interest), the parties believe this to be a fair resolution of this matter because Defendants' time records indicated that Plaintiff worked fewer hours per week than he alleged. The Agreement does not contain a general release, confidentiality, or non-disparagement clause.

By settling now, Plaintiff ensures that he will receive settlement proceeds which are a significant portion of the maximum total damages he might be awarded at trial. Plaintiff desires to resolve his claims now so that he does not have to wait any additional time or face the uncertainty of trial and the possibility that, in the end, even in the event that his testimony is credited over Defendants' testimony and records, Plaintiff would still need to collect on any judgment.

The Hon. Barbara C. Moses
October 30, 2025

FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, the parties suggest that they weigh strongly in favor of settlement approval.

This settlement will enable the settling parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the parties engaged in document exchange and extensive discussion and negotiation between counsel, including mediation, they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider and take into account the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and counsel exchanged multiple demands and offers of settlement with Defendants during the mediation before settling on the terms of this proposed settlement. Counsel for Defendants is also an experienced labor and employment

The Hon. Barbara C. Moses
October 30, 2025

litigation attorney. Moreover, prior to entering into the settlement agreement, the parties thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. Plaintiff is no longer employed by Defendants so there is no likelihood that his circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to our standard retainer agreement with Plaintiff we are entitled to retain 1/3 of the net settlement amount as attorneys' fees, after recovery of $840.00 of costs incurred (i.e., a total of $7,480.00 in attorneys' fees & costs).

In total, Plaintiff's counsel expended 15.3 hours in representation of Plaintiff, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of The Samuel Law Firm. I have practiced law since 1993, have been admitted in the state of New York since 1994, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $500. My colleague, Andrew Beresin, has been admitted to practice here since 1992, and has been litigating wage and hour cases for the past four years. His hourly rate is $400. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

Attached as Exhibit "B" is a record of all time spent and fees incurred by Plaintiff's counsel on this matter.

Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

4

The Hon. Barbara C. Moses
October 30, 2025

### Release and Confidentiality

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Settlement Agreement does not contain a broad, general release of Plaintiff's claims, only a limited release of any unpaid wage claims in connection with his employment with Defendants, and there is no restrictive confidentiality provision prohibiting Plaintiff from making truthful statements regarding this litigation.

### Conclusion

For all of the reasons set forth above, the parties respectfully request that the Court approve the Settlement Agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Respectfully submitted,

/s/ *Michael Samuel*
Michael Samuel, Esq.

THE SAMUEL LAW FIRM
*Attorneys for Plaintiff*

Cc: Ian-Paul A. Poulos, Esq. (via ECF)
    Clifton, Budd & DeMaria, LLP
    Iapoulos@cbdm.com
    *Attorneys for Defendants*